# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| TRIMARK FOODCRAFT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 18-00259-JB-N |
| | ) | |
| SELMA DEVELOPMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Defendant's Motion to Dismiss. (Doc. 7). This motion has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and S.D. Ala. GenLR 72(b). In reaching its decision, the undersigned has considered the Notice of Removal (Doc. 1), the Motion to Dismiss (Doc. 7), the Plaintiff's Response (Doc. 16), the Defendant's Reply to Response (Doc. 17), and related exhibits. Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that the Defendant's Motion to Dismiss (Doc. 7) be **GRANTED.** The undersigned further recommends that the Plaintiff be afforded the opportunity to file an amended complaint.

I. **Applicable Legal Standards**

In deciding a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," the Court construes the complaint in the light most

1

favorable to the plaintiff, "accepting all well-pleaded facts that are alleged therein to be true." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (citing *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006)). " 'To survive . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ' " *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but [rather] asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendants liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, quoting in part FED. R. CIV. P. 8(a)(2).

FED. R. CIV. P. 8(a)(2) generally sets the benchmark for determining whether a complaint's allegations are sufficient to survive a Rule 12(b)(6) motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) ("Under [Rule] 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' As the Court held in *Twombly*, . . . the pleading standard Rule 8 announces does not

2

require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.").

Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *compare Speaker*, 623 F.3d at 1381 ("[G]iven the pleading standards announced in *Twombly* and *Iqbal*, [plaintiff] must do more than recite statutory elements in conclusory fashion. Rather, his allegations must proffer ***enough factual content*** to 'raise a right to relief above the speculative level.'" (emphasis added)), *with Robinson v. Correctional Med. Assocs., Inc.*, Civil Action No. 1:09–cv–01509–JOF, 2010 WL 2499994, at *2 (N.D. Ga. June 15, 2010) ("Factual allegations in a complaint ***need not be detailed but*** 'must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" (quoting *Twombly*, 550 U.S. at 555 (internal citations and emphasis omitted and added))).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. . . .
>
> [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible

3

claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

*Iqbal*, 556 U.S. at 678-79 (internal citations and quotation marks omitted); *compare id.* at 680 (a plaintiff must nudge his claims "across the line from conceivable to plausible."), *with Patel v. Georgia Dep't BHDD*, 485 Fed. App'x 982, 983 (11th Cir. Aug. 8, 2012) (per curiam) ("In order to survive a motion to dismiss, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face,' rather than merely conceivable." (quoting *Twombly*, 550 U.S. at 570)). In addition to the pleading requirements of Rule 8, FED. R. CIV. P. 10(b) further requires that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."

Under FED. R. CIV. P. 41(b), "a defendant may move to dismiss the action or any claim against it" where the "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Dismissal under Rule 41(b) is usually without prejudice. *See, e.g.*, *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).[1] "Dismissal of a lawsuit with prejudice under Rule 41(b) is a severe sanction that should only be used in extreme circumstances where lesser sanctions would not serve the best interests of justice." *Castro v. Dir., F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011).

---

[1] The Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

4

## II. Background

Plaintiff commenced action in the Circuit Court of Dallas County against the Defendant on April 27, 2018. The lawsuit arises from the Plaintiff's alleged sale of restaurant equipment and materials to a Bojangles restaurant franchise in Selma, Alabama. (Doc. 1-1). Plaintiff alleges that Defendant failed to pay for the equipment and materials provided. (Doc. 1-1). The complaint consists of five counts: (1) open account; (2) account stated; (3) breach of contract; (4) unjust enrichment; and (5) materialman's lie, alleging Plaintiff provided materials and supplies to Defendant from October 2, 2017 to October 30, 2017 which was used to construct, renovate and improve the real property located at 1996 Al Hwy. 14E, Selma, AL 36703 ("Bojangles"). (Doc. 1-1).

Defendant was served on May 4, 2018 via certified mail. On June 1, 2018, Defendant filed Notice of Removal with this Court pursuant to 28 U.S.C. §1332, 1441, and 1446 based on complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. Defendant represents that there was never a contract or agreement formed with Plaintiff. (Doc. 7). Defendant acknowledges that he owns the property on which the Bojangles is located, however he maintains he neither operates the franchise nor entered into an agreement with Plaintiff. (Doc. 7).

## III. Analysis

"FED. R. CIV. P. 8(a)(2) requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give

the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *American Dental Association*, 605 F.3d at 1288 (11th Cir. 2010), quoting *Conley*, 355 U.S. at 47 (1957). Additionally, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F. 3d 701, 707 n.2 (11th Cir. 2010), quoting *Bryson v. Gonzalez*, 534 F. 3d 1282, 1286 (10th Cir. 2008) (internal quotation marks omitted).

A. <u>Open Account</u>

Plaintiff alleges, in sum, that "Defendant Selma Development owes Plaintiff One Hundred Forty Two Thousand Five Hundred Ninety-Five and 22/100 Dollars ($142,595.22), plus interest and costs, due by open account." (Doc. 1-1). An open account is "one which is based upon a connected series of transactions, and which has no break or interruption." 1 Am. Jur. 2d Accounts and Accounting §4. Plaintiff fails to allege or plead any additional facts concerning an agreement or contract that could arguably establish an open account. In addition, there is no "short and plain statement" with factual content detailing Plaintiff's right to relief. As currently pleaded, Count One fails to state a claim upon which relief may plausibly be granted.

B. <u>Account Stated</u>

Plaintiff alleges that, "Defendant owes Plaintiff One Hundred Forty- Two Thousand Five Hundred Ninety- Five and /100 Dollars ($142,595.22), plus interest and costs, due by account stated." (Doc. 1-1). "An account stated is a post- transaction agreement. It is not founded on the original liability but is a new agreement between

6

parties to an original account that the statement of the account with the balance struck is correct and that the debtor will pay that amount. It is as if a promissory note had been given for the balance due." *Ayers v. Calvary SVP I, LLC,* 876 So.2d 474 (Ala.Civ.App. 2003). Plaintiff must prove, "(1) A statement of the account between the parties is balanced and rendered to the debtor; there is a meeting of the minds as to the correctness of the statement; and (3) the debtor admits liability." *University of South Alabama v. Bracy,* 466 So. 2d 148, 150 (Ala. Civ. App. 1985) (citing *Stacey v. Peed,* 142 So. 3d 529, 532 (Ala. 2013)). "An account rendered, and not objected to within a reasonable time becomes an account stated, and failure to object will be regarded as an admission of correctness of the account." *Id.*

Plaintiff failed to allege sufficient facts showcasing a new agreement to the original account. There is no sufficient factual matter provided that could present "a claim to relief that is plausible on its face." *See Ashcroft,* 556 U.S. 662,678. The allegations set forth do not meet the requirements of the legal standard, thus Count Two cannot survive a Rule 12(b)(6) motion.

C. <u>Breach of Contract</u>

In addition to alleging the amount owed, Plaintiff alleges, "As a proximate consequence of the contract breached by Defendant, Plaintiff has incurred damages in the sum of…" (Doc. 1-1). "To recover on a breach of contract claim, a party must establish: (1) the existence of a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) damages." *Harp Law, LLC., v. LexisNexis,* 196 So.3d 1219 (Ala.Civ.App. 2015). "While

7

no great particularity is required as to describing the breach of contract, the essential facts constituting the breach should be set forth in unequivocal terms, and the breach should be assigned with such certainty and particularity as will apprise the defendant in what particular he has failed to perform. All that is required is that the breach complained of be substantially set forth and substantially proved." *Woodword Iron Co. v. Frazier,* 190 Ala. 305 (Ala. 1914). As currently pleaded, Plaintiff's claim for breach of contract fails to state a claim upon which relief may plausibly be granted.

D. <u>Unjust Enrichment</u>

Plaintiff next alleges, that "Plaintiff has provided food service equipment to Defendant which has been incorporated into the Project, for which Plaintiff has not been paid." (Doc. 1-1). "To prevail on a claim of unjust enrichment under Alabama law, a plaintiff must show that: (1) the defendant knowingly accepted and retained a benefit; (2) provided by another; and (3) who has a reasonable expectation of compensation." *Portofino Seaport Village, LLC. v. Welch,* 4 So.3d 1095. (Ala. 2008). "The doctrine of unjust enrichment is an old equitable remedy permitting the court in equity and good conscience to disallow on to be unjustly enriched at the expense of another." *Battles v. Atchison,* 545 So.2d 814, 815 (Ala. Civ. App. 1989)(citing *Mantiply v. Mantiply,* 951 So.2d 638, 654 (Ala. 2006)).

Plaintiff's claim fails to present a pleading that offers more than labels and conclusions. Plaintiff presents no factual allegations within the complaint that is sufficient to raise a right to relief for the food service equipment allegedly provided. Consequently, dismissal of this Count is appropriate.

8

E. <u>Materialman's Lien</u>

In Count Five, Plaintiff alleges that materials and supplies were provided to the Defendant for completion of the Bojangles's construction project. The Complaint states, "[s]aid materials, workmanship, and labor enabled Defendant to construct, renovate or improve the property…" (Doc. 1-1). In addition, the complaint alleges that, Plaintiff supplied materials to the Defendant from October 2, 2017- October 30, 2017. (Doc. 1-1).

Defendant maintains that the Plaintiff's materialman's lien cannot be enforced for two reasons, "First, the equipment allegedly supplied by Trimark was food service equipment, which is a trade fixture that cannot give rise to a lien, and second, the Complaint contains no allegation that Trimark provided proper notice to Selma Development, as required by the statute." (Doc. 7). Strict compliance with the materialman's lien statute is a prerequisite for perfecting a lien. *Saunders v. Lawson* 982 So.2d 1091, 1094 (Ala.Civ.App. 2006). "The lien… 'is a creation of law and not of contract' and the lien must be perfected by compliance with statutory requirements. Furthermore, 'a valid contract of purchase is the prerequisite, and the materialman must establish the same with the owner or proprietor, or his agent, as those terms are employed in the statute.'" *Davis v. Gobble-Fite Lumber Co.,* 592 So.2d at 206 (quoting *Buettner Bros. v. Good Hope Missionary Baptist Church,* 245 Ala. 553, 557) (citing *Saunders v. Lawson* 982 So.2d 1091,1094 (Ala.Civ.App. 2006)).

i. <u>Trade Fixtures</u>

A lien can attach for any material, fixture, equipment, or machinery for any building or improvements to the land. §35-11-210 [Ala.Code 1975]. A trade fixture must be "easily removable without injury to the freehold, it must be presumed that such machinery, when installed by a tenant for use in his business, is not intended as an addition to or improvement of the land. *Forbes v. Alabama Mach. & Supply Co.,* 58 So. 398, 399 (Ala.1912). "In order to establish a mechanic's lien, it is usually necessary that the material furnished or labor performed should have gone into something which has attached to and become a part of the realty and has added substantially to the value thereof." *Forbes,* 58 So. 399. "Whether or not machinery is within the lien laws usually depends upon whether it has become a fixture. If it is stationary and firmly attached to the realty, so as to become a part thereof, it is the subject of a lien, otherwise not." *Id*.

In *Forbes*, the court held that Alabama Machinery was not entitled to a lien because all the materials and equipment installed were considered trade fixtures. Alabama Machinery furnished a publishing company with printing presses and other machines to prepare the business for operation. The court reasoned, "[t]he entire outfit could be and was removed from the building, without injury thereto, by merely removing the screws and bolts." *Id*. at 398.

Similarly, Plaintiff allegedly provided the Defendant with equipment and materials to complete Bojangles. However, Defendant argues, "That the food service equipment, like the printing equipment in *Forbes*, is a trade fixture. Therefore,

Trimark's lien cannot be enforced." (Doc. 7). Plaintiff contest that, "…the current record is devoid of the nature or type of such materials. It would be premature for a claim's legal basis to be dismissed without an adjudication of such a key factual element." (Doc.16).

    ii.    <u>Full Price Lien</u>

"Ala. Code §35-11-210 provides for two types of materialman's liens: "(1) a lien for the full price of the materials furnished and (2) a lien for the amount of the unpaid balance due the contractor from the owner." *Abell-Howe Co. v. Industrial Dev. Bd. of Irondale,* 392 So.2d 221,224 (Ala.Civ.App.1980)(citing *Saunders v. Lawson,* 982 So.2d 1091,1093 (Ala.Civ.App.2006)). "To establish the right to a full-price lien, the supplier must either, (1) have an express contract with the property's owner or the owner's agent to supply the materials or labor, or (2) have given notice to the owner in writing of the cost of the materials or labor to be supplied before beginning work or delivering materials and the owner must not have responded in writing that the owner will not be liable for payment." *See* Ala.Code 1975, §35-11-510; *Davis v. Gobble-Fite Lumber Co.,* 592 So.2d 202,206 (Ala.1991)(citing *Saunders v. Lawson* 982 So.2d 1091,1093 (Ala.Civ.App.2006)).

In response to Selma Development's motion to dismiss, Trimark argues, in sum, that: "Plaintiff is a direct supplier and is seeking to enforce a full balance lien, not an unpaid balance lien (which would require notice.)" (Doc. 16). In reply, Defendant contends that because of the poor pleading it assumed the lien sought was an "unpaid balance lien" and argues that it is this type of misunderstanding that the

pleading rules are in place to prevent. As Defendant correctly notes, regardless of whether the lien asserted is a full balance or unpaid balance lien, notice is an element of the claim. In order for Plaintiff to assert a valid claim for a full-price lien, they must (1) produce an express contract with Defendant concerning the materials and/or labor used for the establishment of Bojangles or (2) have given notice to Defendant in writing concerning the cost of the materials and/or labor prior to beginning work or delivering materials. In addition to the notice issue, Plaintiff has presented neither a contract nor a writing concerning the materials and labor to procure a full-price lien. Therefore, dismissal of this Count is appropriate as well.

### III. Conclusion

A district court "is not required to grant a plaintiff leave to amend his complaint sua sponte [prior to dismissing it with prejudice] when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend…" *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc). Nevertheless, a court may *sua sponte* grant a counseled plaintiff leave to amend "[w]here a more carefully drafted complaint might state a claim…" *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in part by Wagner*, 314 F.3d 541. However, "if a more carefully drafted complaint could not state a claim…, dismissal with prejudice is proper." *Id.*

Upon consideration, the undersigned finds that a more carefully drafted complaint could plausibly state a claim against the Defendant. Accordingly, it is **RECOMMENDED** that the Motion to Dismiss (Doc. 7) under Rule 12(b)(6) be

12

**GRANTED**, but subject to Plaintiff being granted leave to file an amended complaint that plausibly alleges the claims against Defendant. It is further recommended that if this Report and Recommendation be adopted by the District Judge, the deadline for Plaintiff to file an amended complaint should be within fourteen days of that date.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 31st day of **August 2018**.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**